**UNITED STATES DISTRICT COURT**　　　　**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | §　CASE NO. 1:17-CR-121-4 |
| | § |
| JESSICA BURGOS | § |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Jessica Burgos's ("Burgos") *pro se* Motion for Modification of Conditions of Supervision and/or Early Termination of Supervised Release (#257). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.　　Background

On August 10, 2017, a federal grand jury in the Eastern District of Texas returned an Indictment charging Burgos and four others with Conspiracy to Possess With Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846.  Subsequently, Burgos pleaded guilty to the charged offense on December 13, 2017, pursuant to a binding plea agreement.  On March 28, 2018, the court sentenced her to 168 months' imprisonment, to be followed by a five-year term of supervised release.  Burgos is currently serving her federal sentence on home confinement in Houston, Texas.  Her projected release date is September 28, 2028, at which time she will begin her five-year term of supervised release.

II.　　Analysis

A.　　Supervised Release

In her motion, Burgos requests "early transition to supervised release probation" pursuant to 18 U.S.C. § 3583(e)(1) and (2) so that she can spend more in-person time with her minor son.

Title 18, United States Code, Section 3583(e)(1) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering certain of the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018).  In addition, the United States Sentencing Guidelines list supplemental factors that the court may wish to consider when determining whether to terminate the remaining term of supervised release.[2]  Under § 3583(e)(2), the court may modify the conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release."  18 U.S.C. § 3583(e)(2).

---

[1] These factors include:  the nature and circumstances of the offense and the defendant's history and characteristics; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.  18 U.S.C. §§ 3553(a), 3583(e).

[2] Specifically, the Guidelines list:  (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges); (iii) the defendant's substantial compliance with all conditions of supervision; (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision; (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant. U.S.S.G. § 5D1.4, Application Note B.

Here, Burgos is still serving her federal sentence, albeit on home confinement. Accordingly, Burgos does not meet the statutory criteria under § 3583(e)(1) of having served a minimum of one year of her term of supervised release before petitioning the court for early termination of the same.  Accordingly, her request for early termination of supervised release under 18 U.S.C. § 3583(e)(1) is DENIED.  Furthermore, to the extent that Burgos is seeking to modify the conditions of supervised release, the court sees no reason to modify her conditions of supervised release at this time.  There is no indication that the conditions imposed at sentencing will prevent her from accessing her son while she is serving her term of supervised release.[3] Thus, her request to modify the conditions of supervised release under 18 U.S.C. § 3583(e)(2) is DENIED.

B.      Home Confinement

Burgos also requests "modification of home confinement zoning to include the residence where her son currently resides."  The Federal Bureau of Prisons ("BOP") has the sole authority for determining a prisoner's place of incarceration based on several statutory factors, including any recommendation by the sentencing court.  *See* 18 U.S.C. § 3621(b); *United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020) ("The [BOP] has the sole authority to designate a prisoner's place of incarceration."); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973).  Further, 18 U.S.C. § 3624(c) grants the BOP the discretion to determine the

---

[3] Standard Condition of Supervised Release #3 provides:  "You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer."  Burgos currently resides in Houston, Texas, located within the Southern District of Texas.  Burgos's motion indicates that her son resides in Humble, Texas, also within the Southern District of Texas.  Thus, she would not need to leave the federal judicial district where she resides to visit her son.  Moreover, her term of supervision is not anticipated to begin until September 28, 2028, and the facts may change in the interim.

appropriateness of a pre-release custody placement (such as a residential re-entry center (often referred to as a halfway house) or home confinement) based on certain statutory and discretionary factors. 18 U.S.C. § 3624; *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 740 (5th Cir. 2020). The BOP's decision regarding home confinement is not subject to judicial review. *See* 18 U.S.C. § 3621(b); *United States v. Powell*, No. CR-15-496-4, 2020 WL 2848190, at \*2 (E.D. Pa. June 2, 2020) ("[T]o the extent that [Defendant] seeks to appeal the prison's denial of home confinement, such decision is not reviewable by this Court."). Indeed, it is well established that "[n]o inmate has a constitutional right to be housed in a particular place or any constitutional right to early release." *Cheek*, 835 F. App'x at 740. Accordingly, Burgos's request that the court interfere with the BOP's determinations regarding the parameters of her home confinement is DENIED.

III.    Conclusion

In accordance with the forgoing, Burgos's *pro se* Motion for Modification of Conditions of Supervision and/or Early Termination of Supervised Release (#257) is DENIED.

SIGNED at Beaumont, Texas, this 13th day of March, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE